**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-51024
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PRIAMO PEDRO MENA ABREU,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1974-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Priamo Pedro Mena Abreu (Abreu) is appealing his conviction for possession with intent to distribute 100 kilograms or more of marijuana for which he received a sentence of 60 months of imprisonment. Abreu argues that the Government failed to provide sufficient evidence to prove beyond a reasonable doubt that he knowingly possessed the marijuana found in his tractor-trailer. He argues that his control of the vehicle in which the drugs were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found was not sufficient to prove his knowledge and that the circumstantial evidence introduced by the Government did not raise a reasonable inference of knowledge on his part.

The Government argues that Abreu had exclusive control of the tractor-trailer and that his guilty knowledge could be inferred from his suspicious and implausible conduct. Abreu replies that the drugs could have been loaded into the trailer by a third party.

In proving the offense of possession with intent to distribute marijuana, the Government was required to show that Abreu "(1) knowingly (2) possessed marijuana (3) with intent to distribute it." *See United States v. Martinez-Lugo*, 411 F.3d 597, 599 n.1 (5th Cir. 2005) (quotation marks omitted). The knowledge element in a possession case can be inferred from control of the vehicle in which the drugs are found. *United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994). However, if the drugs are concealed, control alone is not sufficient to prove knowledge. *Id.* "[A]dditional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge is required." *United States v. Jones*, 185 F.3d 459, 464 (5th Cir. 1999).

Assuming that the drugs were "hidden" from Abreu, there was substantial additional evidence that raised a reasonable inference of Abreu's knowledge of the presence of the drugs in the trailer. The evidence reflected that the trailer was empty when Abreu arrived at Las Cruces, New Mexico, that he was present during the entire loading process, and that he closed the trailer doors when the loading was finished. These facts raised a reasonable inference that Abreu had continual control over the contents of the truck and rebuts any inference that it was a third party who placed the drugs in the trailer at the loading facility. *See United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990). Further, the evidence of the substantial amount of marijuana found in boxes that had not been observed in the area of the loading facility contradicted any inference that

2

the drugs were in the loading area when Abreu arrived and that someone surreptitiously loaded them into his trailer.

An inference of guilty knowledge also arose from the fact that it took Abreu over six hours to transport the load to the Sierra Blanca checkpoint, a two-to-three hour trip, and that he provided no full explanation for the length of his trip. This evidence raised an inference that the drugs were placed in the trailer after Abreu left the loading area in Las Cruces.

The evidence that Abreu traveled at a financial loss from Rhode Island to New Mexico without carrying a load also raised a question regarding his actual motive for making the trip. Abreu's assertion that he could not safely carry the standard 840-bag load raised an inference of guilt, especially in light of his refusal to weigh the truck and load, the routine followed by other truckers in determining their trailer's capacity.

Abreu's exhibition of nervous behavior at the checkpoint, his failure to stop his truck upon the initial command and the subsequent rolling of his vehicle while Agent Bobbitt was speaking to him, in addition to his lack of attention to Bobbitt, also raised an inference of guilty knowledge. *See Diaz-Carreon*, 915 F.2d at 954.

This court will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Viewing the evidence in the light most favorable to the jury verdict, a reasonable trier of fact could have concluded beyond a reasonable doubt that Abreu had knowledge of the marijuana stored in his trailer and that he possessed it with the intent to distribute the drugs. *See United States v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir. 1995). Abreu's conviction is AFFIRMED.